FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2012 SEP 28 AM 8: 50
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| JAMES E. LACKEY, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 112-069 |
| | ) | |
| DR. HAYES, | ) | |
| | ) | |
| Defendant. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is currently incarcerated at East Central Regional Hospital ("ECRH") in Augusta, Georgia,[1] brought the above-captioned case pursuant to 42 U.S.C. § 1983. Because Plaintiff's complaint was filed *in forma pauperis*, it must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (*per curiam*), but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28

---

[1] Although Plaintiff originally submitted his complaint for filing in the Middle District of Georgia, because the allegations in the complaint relate to events at ECRH in Augusta, Georgia, his case has been transferred to this District. (Doc. no. 5.)

U.S.C. §§ 1915(e) & 1915A.²

I.  **BACKGROUND**

Plaintiff names Dr. Hayes, whom he alleges is his doctor at ECRH, as the sole defendant in this action. (Doc. no. 1.) Plaintiff alleges that he is being forced against his will to take medication that causes his mouth to "lock up" and makes it difficult to breathe. (Id. at 5.) Plaintiff alleges that he is being forced to take this medication based on a treatment plan that is the result of his last visit to the hospital as well as an assessment by Dr. Scott Smith, who is not otherwise mentioned in the complaint, "despite what the Judge had said," and despite his "excellent behavior." (Id.) Plaintiff alleges that he spoke to Dr. Hayes, as well as to Dr. Barton and every other "HST" and nurse that he saw, regarding his concerns about the medication. (Id. at 4.) Plaintiff further asserts that, outside of more orders for the same medication, he has received no response to his grievance concerning the same allegations that he asserts here.³ (Id. at 3.) As relief, Plaintiff requests that he be transferred

---

²Under 28 U.S.C. § 1915(b)(4), a prisoner cannot be prohibited from bringing a civil action because he is unable to pay an initial fee; thus, the Court will proceed to screen Plaintiff's complaint even though he is unable to pay any initial partial filing fee. However, in accordance with the terms of the Consent to Collection of Fees form which Plaintiff signed, he remains liable for the full $350.00 filing fee.

³The Court is aware that Plaintiff indicates in his complaint that he received no response to his grievance, and that, moreover, he did not appeal his grievance to the highest level possible, raising the possibility that he may not have satisfied the exhaustion requirement of 42 U.S.C. § 1997e(a). (See doc. no. 1, pp. 4-5.) Because the issue of whether Plaintiff properly exhausted his claim against Defendant Hayes is unclear from the face of the complaint, see Jones v. Bock, 549 U.S. 199, 215 (2007), the Court will not at this time make any definitive findings as to the issue of exhaustion of administrative remedies.

2

from ECRH back to the county jail, that his medication be stopped, and that he receive monetary damages for pain and suffering. (Id. at 6.)

## II. DISCUSSION

### A. No Claim for Unwanted Medical Treatment

First, liberally construing Plaintiff's allegations in his favor and granting him the benefit of all reasonable inferences to be derived from the facts alleged, the Court finds that the complaint fails to state a claim upon which relief may be granted based upon the alleged imposition of unwanted medical treatment.

"[A] competent person has a constitutionally protected liberty interest in refusing unwanted medical treatment," such as antipsychotic medications or an invasive surgical procedure. Cruzan v. Dir., Mo. Dep't of Health, 497 U.S. 261, 278 (1990); Washington v. Harper, 494 U.S. 210, 223 (1990); see also Runnels v. Rosendale, 499 F.2d 733, 735 (9th Cir. 1974) (Allegations that prison medical personnel preformed major surgical procedures upon the body of an inmate . . . may foreshadow proof of conduct violative of rights under the Fourteenth Amendment . . . ."). In the prison context, the imposition of unwanted medical treatment is justified such that it does not violate an inmate's due process rights if it is "reasonably related to legitimate penological interests." Washington, 494 U.S. at 223.

Here, Plaintiff concedes that his treatment plan – and the medication associated with that plan – is based on the results of his most recent hospital visit, as well as an evaluation by Dr. Scott Smith. (Doc. no. 1, p. 5.) In arguing that he should not be forced to take his

3

prescribed medication despite the medical analyses that resulted in his treatment plan, Plaintiff simply references a non-specific statement made by "the Judge," and asserts that he has displayed "excellent behavior." (Id.) As such, Plaintiff's assertions are simply too vague and conclusory to support his claim. See Taylor v. Singletary, 148 F.3d 1276, 1285 (11th Cir. 1998) (holding that a "bare, conclusory allegation . . . is insufficient, without more, to warrant further evidentiary consideration"). Notably, Plaintiff is an inmate at ECRH, a hospital designed to provide for the treatment of prisoners with mental health issues. That being the case, Plaintiff has failed to adequately allege that the results of his medical evaluations should be ignored and, thus, that his prescribed medication should be ceased. Accordingly, Plaintiff's allegation of unwanted medical treatment is insufficient to state a viable § 1983 claim.

### B. No Claim for Deliberate Indifference to a Serious Medical Need

Moreover, to the extent that Plaintiff argues that Defendant Hayes acted with deliberate indifference to a serious medical need with regard to the alleged side effects of Plaintiff's medication, Plaintiff fails to state a claim on that ground as well.

"The Eighth Amendment's proscription of cruel and unusual punishments prohibits prison officials from exhibiting deliberate indifference to prisoners' serious medical needs." Campbell v. Sikes, 169 F.3d 1353, 1363 (11th Cir. 1999) (citing Estelle v. Gamble, 429 U.S. 97, 104 (1976)). Claims of deliberate indifference to serious medical needs are evaluated under a two-prong test. First, based on an objective standard, the alleged medical problem

4

must be "sufficiently serious"; second, the defendant must have subjectively acted with "deliberate indifference" to the inmate's health or well-being. Farmer v. Brennan, 511 U.S. 825, 834 (1994); Thomas v. Bryant, 614 F.3d 1288, 1304 (11th Cir. 2010).

To state a claim for deliberate indifference that violates the Eighth Amendment, the facts alleged must demonstrate "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than gross negligence." Goebert v. Lee County, 510 F.3d 1312, 1326-27 (11th Cir. 2007); see also Farmer, 511 U.S. at 837. To state the proposition differently, Eighth Amendment liability cannot be based on simple negligence or lack of due care, but rather requires some sort of conscious disregard of a serious and imminent risk. Farmer, 511 U.S. at 835-39; Thomas, 614 F.3d at 1304 (explaining that the deliberate indifference standard requires a prison official to have disregarded an excessive risk of which he was actually aware).

Furthermore, to state a valid deliberate indifference claim, a plaintiff must allege medical care that is "'so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness.'" Adams v. Poag, 61 F.3d 1537, 1543-44 (11th Cir. 1995) (quoting Rogers v. Evans, 792 F.2d 1052, 1058 (11th Cir. 1986)). The Eleventh Circuit has held that allegations of an intentional refusal to provide care, cursory care in light of a severe medical risk, or a delay in access to care that is essentially a wanton infliction of pain may suffice in this regard. Id. at 1543-44. Allegations of mere negligence or malpractice, in contrast, do not amount to deliberate indifference. Harris v.

5

Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991). Moreover, a mere difference of opinion between an inmate and prison medical officials over a diagnosis or course of treatment does not give rise to a valid claim of deliberate indifference. Smith v. Fla. Dep't of Corr., 375 F. App'x 905, 910 (11th Cir. 2010) (*per curiam*); Adams, 61 F.3d at 1546; Harris, 941 F.2d at 1505; Waldrop v. Evans, 871 F.2d 1030, 1033 (11th Cir. 1989).

Here, Plaintiff does not allege a denial of treatment. Rather, he takes issue with medication that he was prescribed following a hospital visit and a physician evaluation, alleging that it causes his mouth to "lock up" and makes it hard for him to breathe. (Doc. no. 1, p. 5.) Plaintiff asserts that he has brought his concerns regarding the medication to the attention of various medical employees at ECRH, including Defendant Hayes, but that his medication has not been stopped. (Id. at 4.) Essentially, Plaintiff disagrees with the course of treatment that has been chosen for him.

As noted above, disagreement with a course of treatment is insufficient to state a valid claim of deliberate indifference. Harris, 941 F.2d at 1505; Waldrop, 871 F.2d at 1033; see also Estelle, 429 U.S. at 106 ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."). Moreover, Plaintiff has not alleged a "sufficiently serious" medical problem, nor has he alleged that Dr. Hayes acted with deliberate indifference to that problem. Plaintiff does not allege that the side effects of his medication present any actual risk of injury or harm, nor does he explain how Dr. Hayes, simply by not capitulating to Plaintiff's verbal request for the cessation of his medication,

acted with deliberate indifference. Therefore, Plaintiff fails to state a viable § 1983 claim for deliberate indifference to a serious medical need.

In sum, Plaintiff's complaint fails to state a § 1983 claim upon which relief may be granted. Accordingly, the complaint should be dismissed in its entirety.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's complaint be **DISMISSED** for failure to state a claim upon which relief may be granted and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 28th day of September, 2012, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE